IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-15 |
| ) | Hon. Nora Barry Fischer |
| ALLIED INTERSTATE, INC., ) | |
| ET AL., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM ORDER

AND NOW, this 14th day of June, 2016, upon consideration of Defendants Slovin & Associates Co., LPA ("Slovin"), and United Guaranty Commercial Insurance Company of North Carolina ("United Guaranty"), Motion to Dismiss for Lack of Jurisdiction and Standing, (Docket No. 265), wherein Defendants contend that Plaintiff fails to recite allegations demonstrating standing as to any asserted claim against them because Plaintiff's alleged harm arose from a lawsuit initiated by Slovin and United Guaranty against his adult daughter,[1] (Docket No. 265-1 at 1), Plaintiff's opposition thereto, (Docket No. 315), wherein Plaintiff merely repeats that Defendants Slovin and United Guaranty are civilly liable to Plaintiff for initiating lawsuits against Plaintiff's adult daughter, (Docket No. 315-2 at 131, 142), Slovin's and United Guaranty's Reply, (Docket No. 316), and United States Supreme Court and Court of Appeals for

---

[1] Plaintiff recites in his amended complaint that, "Accordingly, Slovin & Associates Co. LPA: Unlawfully filed a Complaint (Case No. 16-C1-127) in the Commonwealth of Kentucky Kenton Circuit Court on or about January 25, 2016 against Plaintiff's daughter." (Docket No. 251-2 at 119 ¶ 428). Plaintiff uses identical language regarding Defendant United Guaranty. (*Id.* at 133 ¶ 481).

the Third Circuit precedent establishing that Plaintiff lacks standing unless he has suffered injury and damage himself, *Wittman v. Personhuballah*, 2016 U.S. LEXIS 3353, at *7 (U.S. May 23, 2016) ("A party has standing only if he shows that *he has suffered* an 'injury in fact,' that the injury is 'fairly traceable' to the conduct being challenged, and that the injury will likely be 'redressed' by a favorable decision.") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)) (emphasis added); *Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 162 (3d Cir. 2007) ("[T]he doctrine of standing requires 'that the party seeking review be himself among the injured.'") (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972) ("[A] mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem is not sufficient by itself.")),

ACCORDINGLY, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction and Standing [265] is GRANTED, in part. Given that the Court dismisses Plaintiff's amended complaint as to Defendants' Slovin and United Guaranty for lack of standing, the Court need not address Defendants' alternative argument based on a lack of personal jurisdiction.

IT IS FURTHER ORDERED that the caption in the above-case shall be amended to remove any reference to Defendants Slovin and Associates Co., LPA and United Guaranty Commercial Insurance Company of North Carolina.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

David Despot, *pro se*
100 Elizabeth Drive
Apt. 1102
Pittsburgh, PA 15220
(regular and certified mail)