# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 15-15 |
| v. | ) Hon. Nora Barry Fischer |
| ALLIED INTERSTATE, INC., ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is a motion to dismiss filed by Defendants American Education Services ("AES") and the Pennsylvania Higher Education Assistance Agency ("PHEAA"), (Docket No. 263), and Plaintiff's opposition thereto, (Docket No. 315). This matter arises from Plaintiff's default on loans for which he co-signed and Defendants' subsequent collection efforts. Defendants AES and PHEAA are two of forty-three defendants sued by Plaintiff in this action.

In their motion to dismiss, Defendants AES and PHEAA assert that "AES is merely a fictitious name under which PHEAA conducts its commercial student loan servicing operations." (Docket No. 264 at 1). They therefore contend that "[they] are one-and-the-same — not separate defendants." (*Id.*). In his omnibus response to the nineteen motions to dismiss that are currently pending before the Court, Plaintiff declines to voluntarily dismiss his claims against AES, stating that "PHEAA has regularly used the name 'American Education Services' in the course of its debt collection activities." (Docket No. 315).

Having considered Plaintiff's Amended Complaint, the motion and brief filed by Defendants AES and PHEAA, and Plaintiff's omnibus response to Defendants' motion, the Court finds that PHEAA has registered AES as a fictitious name with the Pennsylvania

Department of State Corporation Bureau. (*See* Docket No. 263-2 at 2-4). *See also McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (explaining that in deciding a motion to dismiss, a district court "can review . . . matters of public record"). Plaintiff's claims against AES must therefore be dismissed, as they are therefore duplicative, improper, and unnecessary. *See, e.g.*, *Gallagher v. Green*, No. 12-CV-3840, 2014 U.S. Dist. LEXIS 140740, at *20 (E.D. Pa. Oct. 2, 2014) (explaining that "claims asserted against the fictitious name company are duplicative and unnecessary"); *Robinson v. Littlefield*, No. 3:14-CV-195, 2014 U.S. Dist. LEXIS 74642, at *4 (M.D. Pa. June 2, 2014) (noting that a fictitious name is not a separate business entity that is subject to suit). *See also Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 55 F. Supp. 3d 43 (D.D.C. 2014) (granting motion to dismiss because the defendant "[was] not a separate legal entity, but [was] instead the registered trade name of defendant Mitchell Rubenstein & Associates").

Accordingly, for the reasons stated,

IT IS HEREBY ORDERED that Defendants' American Education Services and the Pennsylvania High Education Assistance Agency's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 263) is PARTIALLY GRANTED. Plaintiff's claims against Defendant American Education Services are DISMISSED, WITH PREJUDICE. The Court will separately address Defendant Pennsylvania High Education Assistance Agency's remaining arguments.

IT IS FURTHER ORDERED that Defendant American Education Services shall be DISMISSED, WITH PREJUDICE as a party in this matter.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   August 24, 2016

cc/ecf:  All counsel of record;

        David Despot
        100 Elizabeth Drive, Apt. 1102
        Pittsburgh, PA 15220
        (regular & certified mail)