IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 15-15 |
| v. | ) |
| | ) Hon. Nora Barry Fischer |
| ALLIED INTERSTATE, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court in this matter are twenty-three motions. (*See* Docket Nos. 260, 263, 265, 268, 269, 271, 273, 276, 279, 282, 284, 286, 288, 290, 292, 294, 296, 298, 300, 302, 304, 305, 311). Plaintiff has filed a 163-page Amended Complaint, along with 105 pages of exhibits, against forty-six Defendants. (Docket No. 251). The Court will presently address a motion to dismiss filed by Defendant Allied Interstate, Inc. ("Allied Interstate"). (Docket No. 268). Having considered Plaintiff's Amended Complaint, (Docket No. 251); Allied Interstate's motion to dismiss and supporting briefing, (Docket Nos. 268, 275, 278, 281); Plaintiff's single response to all Defendants' motions to dismiss, (Docket No. 315); and Allied Interstate's reply, (Docket No. 318), Defendant Allied Interstate, Inc.'s motion to dismiss is GRANTED.

### II. Background

Plaintiff is a pro se party who is no stranger to filing actions in federal court. Indeed, a review of the Public Access to Court Electronic Records reveals that Plaintiff has filed at least thirty-five lawsuits against a wide variety of defendants, including former employers, *see Despot*

*v. American Income Life Insurance Co., et al.*, No. 1:10-CV-932, 2012 WL 3070980 (S.D. Ohio July 30, 2012); potential employers, *see Despot v. The Baltimore Life Insurance Co., et al.*, No. 15-CV-1672, 2016 WL 4148085 (W.D. Pa. June 28, 2016), *adopted by*, No. 15-CV-1672, 2016 WL 4141109 (W.D. Pa. Aug. 4, 2016); and even internet search engines, *see id.* (suing Google, Bing, etc.).

Within this District, Plaintiff is currently litigating another action, and there, Magistrate Judge Mitchell recounted at length the many admonishments Plaintiff has received for his oppressive filings and failure to comport with pleading requirements established by *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Despot*, 2016 WL 4148085, at *4. Moreover, as Magistrate Mitchell pointed out in the case before him, Judge Sylvia H. Rambo of the Middle District of Pennsylvania has previously placed Plaintiff on notice that his overly conclusive and factually sparse filings are not acceptable in federal court, by stating the following:

> The foregoing demonstrates Despot's pattern of filing conclusory complaints against former or prospective employers, a pattern replicated here. He routinely neglects the rules of pleading and procedure. He ignores judicial opinions informing him of the deficiencies of his claims. He uses labels to signify his causes of actions, instead of stating facts in support thereof. Some of his labels, he has been instructed, simply are not legal injuries. In this case, again, Despot engages in shotgun pleading that is totally insufficient under the Federal Rules of Civil Procedure and all precedent.
>
> \*   \*   \*
>
> It is evident from Despot's past litigation that he was well aware that pleading such a claim required a statement of membership in a protected class and a pleading of administrative exhaustion. He was on notice that failure to allege these elements would render his complaint fatally flawed.

*Despot v. Keystone Insurers Group, Inc.*, No. 1:08-CV-166, 2008 WL 3837395, at *11 (M.D. Pa. Aug. 13, 2008). *See also Despot v. Smith*, No. 4:14-CV-490, 2015 WL 8601627, at *2 (E.D. Tex. Dec. 14, 2015) (dismissing Plaintiff's claims against his former employer); *Despot v. Nationwide Ins.*, No. 1:12-CV-44, 2013 WL 4678857, at *3-4 (S.D. Ohio Aug. 30, 2013) (stating that Plaintiff acted in bad faith by failing "to prosecute his lawsuit with due diligence, to move this case to trial in a reasonable manner, and to comply with the federal and local rules of this Court" and concluding that "[his] willful conduct exhibits a complete disregard of the authority of this Court and for his obligations as a party to this lawsuit"); *Despot v. Am. Income Life Ins. Co.*, No. 1:10-CV-932, 2012 WL 3070980, at *1, 3-4 (S.D. Ohio July 30, 2012) (noting that "[Plaintiff] has filed a plethora of lawsuits in this district (and others) over the past decade, demonstrating that he is not a novice to the federal courts or to federal procedural rules" and dismissing Plaintiff's "panoply of claims" for his failure to support his opposition to the defendants' motion for summary judgment); *Despot v. Ohio Nat'l Fin. Servs., Inc.*, No. 1:06-CV-193, 2007 WL 1026368, at *3 (S.D. Ohio Mar. 30, 2007) (dismissing Plaintiff's complaint because he had alleged the same claims against the same defendants in a state-court action).

Plaintiff filed the instant action against forty-three Defendants on January 6, 2015. (Docket No. 1). After all Defendants entered their appearances, the Court appointed John Stember, Esq. as pro bono counsel for the limited purpose of assisting Plaintiff in the resolution of this matter through Alternative Dispute Resolution ("ADR"). (Docket Nos. 69, 97). Mr. Stember, an experienced attorney who has represented employees and unions in Western Pennsylvania for more than thirty-five years, patiently worked with Plaintiff in an effort to refine his claims against Defendants. With Mr. Stember's assistance, Plaintiff agreed to dismiss some of the forty-three Defendants from his initial Complaint. (*See* Docket Nos. 108, 152, 160).

3

Thereafter, the Court held multiple status conferences to receive updates regarding the case. (*See* Docket Nos. 147, 185, 191, 200). Although Plaintiff appeared at only half of the status conferences, (*see* Docket Nos. 191, 200), the Court urged him to provide Defendants with supporting documents relating to his purported causes of action, (*see* Dockets Nos. 185, 191). Plaintiff provided Defendants with a list of telephone numbers that may have been used to contact him, along with all account identifiers in his possession. (Docket No. 193).

Despite Mr. Stember's and this Court's efforts to limit Plaintiff's claims and to expedite the ADR process, Plaintiff, after having dismissed some of the forty-three Defendants from his initial Complaint, filed an Amended Complaint against forty-six Defendants on April 5, 2016. (Docket No. 251). Plaintiff incorporates by reference the other pleadings that he has filed in this matter and alleges that Defendants have violated numerous federal and state laws, including: (1) the Federal Fair Credit Reporting Act ("FCRA"); (2) the Federal Fair Debt Collection Practices Act ("FDCPA"); (3) the Federal Telephone Consumer Protection Act ("TCPA"); (4) the Federal Tort Claims Act; (5) the Federal Trade Commission Act ("FTCA"); (6) the Pennsylvania Fair Debt Collection Practices Act; (7) the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (8) the Pennsylvania Credit Reporting Agency Act; and (9) "[o]ther associated laws, statutes, case law, etc." (*Id.* at ¶¶ 1, 80-83).

As to Allied Interstate specifically, Plaintiff attempts to find it liable for making thirteen "unlawful" calls. (*Id.* at ¶ 89). For that purpose, Plaintiff invokes numerous statutes against Allied Interstate in an effort to assert liability for various violations of his rights. (*Id.* at ¶¶ 85–88). Although Plaintiff's factual support against many of the Defendants in this case includes self-prepared phone logs, as well as letters he received from them, the entirety of Plaintiff's allegations against Allied Interstate consists only of a self-made phone log listing thirteen

"unlawful calls" between December 27, 2013, and January 16, 2014. (*Id.* at ¶ 89). Allied Interstate filed a motion to dismiss and supporting briefing on May 10, 2016, (Docket Nos. 268, 275, 278, 281), and Plaintiff filed a single response to all Defendants' motions to dismiss on June 1, 2016, (Docket No. 315). Allied Interstate filed a reply to Plaintiff's omnibus response on June 13, 2016, (Docket No. 318), and this matter is now ripe for disposition.

### III. Legal Standard

A. <u>The Court's Rule 12(b)(6) Standard of Review</u>

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a Rule 12(b)(6) challenge, the plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555. (2007). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Although the Court must accept the allegations in the complaint as true, "'[it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the plaintiff must plead facts which permit the

5

court to make a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 556-57; *Iqbal*, 556 U.S. at 678.

Consistent with these principles, the Third Circuit Court of Appeals has prescribed a three-step analysis for purposes of determining whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). This third step of the analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

B. <u>The Court's Factual Scope of Review</u>

Generally, a district court may not consider matters outside of the complaint when ruling on a Rule 12(b)(6) motion to dismiss. "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). There is an exception to this rule, however: for Rule 12(b)(6) purposes, courts may consider (i) exhibits that are attached to the complaint; (ii) matters of public record; and, (iii) any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).

Here, Plaintiff has attached forty-seven exhibits to his Amended Complaint. (Docket No. 251). There does not appear to be any dispute concerning the authenticity of these records. It is therefore appropriate for the Court to consider them in adjudicating the pending motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.

C. <u>Pro Se Litigant</u>

In this case, Plaintiff is proceeding pro se. As a general matter, courts must review pro se pleadings under a less stringent standard than would be applied to counseled pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, a court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). *See also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.") (citation omitted).

**IV. Discussion**

As an initial matter, the Court notes that in his Amended Complaint, Plaintiff has incorporated by reference his initial complaint. (Docket No. 251 ¶¶ 80-83). It is well settled that an amended complaint "'supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier

7

pleading.'" *Dickerson v. Brooks*, No. 06-CV-289, 2009 WL 615410, at *6 (W.D. Pa. Jan. 8, 2009) (quoting *New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir.1996)). To incorporate earlier pleadings, "[t]he later pleading must adopt specific portions or all of the earlier pleading with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation." *Robuck v. Mine Safety Appliances Co.*, No. 2:10-CV-763, 2010 WL 4553562, at *3 n.4 (W.D. Pa. Nov. 3, 2010) (quoting *Cooper v. Nationwide Mut. Ins. Co.*, No. 02-CV-2138, 2002 WL 31478874, at *5 (E.D. Pa. Nov. 7, 2002)).

Here, Plaintiff's initial complaint contains allegations that are inconsistent with his Amended Complaint. In his initial complaint, Plaintiff's based his claims against Allied Interstate upon one call that was made on January 17, 2014. (Docket No. 1 at ¶¶ 80, 86, 92, 98). In his Amended Complaint, however, Plaintiff's bases his claims against Allied Interstate upon thirteen calls that allegedly were made between December 27, 2013, and January 16, 2014. (Docket No. 251 at ¶ 89). Plaintiff no longer alleges that he received a call on January 17, 2014. (*See id.*). Moreover, in his initial complaint, Plaintiff averred that Allied Interstate used the following telephone numbers to make the unlawful calls: 952-546-6600; 952-595-2000; 866-476-0388; 800-811-4214; and 866-476-0388. (Docket No. 1 at ¶ 79). Yet, in his Amended Complaint, Plaintiff claims that all thirteen unlawful calls originated from 412-855-9047. (Docket No. 251 at ¶ 89). Because the many inconsistencies between Plaintiff's initial complaint and his Amended Complaint would result in a lack of clarity, the Court declines to incorporate Plaintiff's initial complaint and finds that his Amended Complaint is the operative pleading. *See Robuck*, 2010 WL 4553562, at *3 n.4.

Turning now to the claims included in Plaintiff's Amended Complaint against Allied Interstate, Plaintiff has alleged that Allied Interstate violated the FTCA, TCPA, FDCPA, "the Pennsylvania" FDCPA, and Pennsylvania's UTPCPL. (Docket No. 251 at ¶¶ 85-91). Plaintiff alleges that Allied Interstate violated those statutes by making thirteen "unlawful" calls to him and adds that it made other unlawful calls to his children. (*Id.* at ¶¶ 89-90). Allied Interstate contends that Plaintiff's claims must be dismissed because Plaintiff has failed to plead sufficient facts to continue on these causes of action. (Docket No. 268 at 4). The Court will separately consider the legal sufficiency of each cause of action.

### A. FTCA

Plaintiff pleads that Allied Interstate violated the FTCA, 15 U.S.C. §§ 41 *et seq.* (Docket No. 251 at ¶ 87). Yet, no private right of action exists under the FTCA, which expressly provides that only the Federal Trade Commission ("FTC") may initiate a civil lawsuit asserting violations of the Act. 15 U.S.C. § 45(a)(2) ("*The Commission* is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.") (emphasis added). *See also Palermo Gelato, LLC v. Pino Gelato, Inc.*, No. 2:12-CV-931, 2013 WL 285547, at *2 (W.D. Pa. Jan. 24, 2013) (explaining that the FTCA "may only be enforced by the FTC, and does not create a private cause of action"); *Taggart v. GMAC Mortg.*, No. 12-CV-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) ("[P]rivate parties are not authorized to file [FTCA] enforcement actions, only the FTC has that authority."); *Carpenter v. Kloptoski*, No. 1:08-CV-2233, 2010 WL 891825, at *11 (M.D. Pa. Mar. 10, 2010) ("[The] Federal Trade Commission Act regulations do not create private rights. There is no private right of action

under Federal Trade Commission Act. Rather, the act contains an exclusive administrative enforcement mechanism vested only in the Federal Trade Commission.") (internal citations omitted). Accordingly, because Plaintiff is an individual and not the FTC, his claims under the FTCA must be dismissed.

**B. TCPA**

Plaintiff next claims that Allied Interstate violated the TCPA, 47 U.S.C. §§ 227 *et seq*. (Docket No. 251 at ¶ 88). The TCPA prohibits any person from making a call, other than a call made for emergency purposes or with prior express consent of the called party, using "any automatic telephone dialing system or an artificial or prerecorded voice," to a "cellular telephone service," or "residential telephone line" unless the call is "made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B). The term "automatic telephone dialing system" has been defined by the statute to mean "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B).

Reviewing the allegations against Allied Interstate, it is clear that Plaintiff has not pled any facts relative to an automatic telephone dialing system or to an artificial or prerecorded voice. *See, e.g.*, *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (dismissing an amended complaint with prejudice because "it says nothing about the calls [the plainitiff] received . . . [and] provides no factual allegations suggesting that that the voice on the other end of the line was prerecorded"); *see also Brailey v. F.H. Cann & Associates, Inc.*, No. 6:14-CV-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014) (explaining that "the vast majority of courts to have considered the issue have found that "a bare allegation that defendant

used an ATDS is not enough") (internal quotations and alterations omitted). Moreover, the calls were not random or sequential because they were made to Plaintiff. *See Trumper*, 79 F. Supp. 3d at 513 (concluding that "the calls were not random" because they "were directed at Enid Gonzales, who apparently has an account with [the defendant]"); *see also Daniels v. ComUnity Lending, Inc.*, No. 13-CV-488, 2015 WL 541299, at *7-8 (S.D. Cal. Feb. 9, 2015) (dismissing a TCPA claim with prejudice and stating that the "alleged calls to Plaintiffs do not appear to have been 'random,' 47 U.S.C. § 227(a)(1); instead, the calls are alleged to be directed specifically toward Plaintiffs"). Plaintiff's allegations merely parrot the language of 47 U.S.C. § 227(a)(1)(A)(iii) and state that he received thirteen "unlawful" calls. (Docket No. 251 at ¶¶ 78, 89). Without more, such conclusory allegations fail to plead sufficient facts to support a plausible TCPA claim against Allied Interstate. *See, e.g.*, *Leon v. Target Corp.*, No. 3:15-CV-01, 2015 WL 1275918, at *3 (M.D. Pa. Mar. 19, 2015) (dismissing TCPA claim where the plaintiff failed to allege any facts supporting his claim). *Cf. Aronson v. Generation Mortgage Co.*, No. 2:13-CV-1702, 2014 WL 641622, at *1 (W.D. Pa. Feb. 19, 2014) (denying motion to dismiss TCPA claim because the plaintiff had alleged "*sufficient details of the date, time and place*") (emphasis added). The Court must therefore dismiss Plaintiff's TCPA claim.

### C. FDCPA

The Court next turns to Plaintiff's claim that Allied Interstate violated the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, by making thirteen "unlawful" calls. (Docket No. 251 at ¶ 89). The FDCPA provides protection for consumers from abusive and harassing collection practices. 15 U.S.C. § 1692. "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene

language, certain contacts with acquaintances of the consumer, late night phone calls, and simulate legal process." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007) (internal quotations omitted). The FDCPA provides, in part, that debt collectors "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Plaintiff has failed to plead a cause of action pursuant to any of the FDCPA's restrictions with the required specificity demanded by *Iqbal* and *Twombly*. Instead, Plaintiff merely states that Allied Interstate "placed 13 unlawful calls," and includes purported call logs memorializing same. (Docket No. 251 at ¶ 89). Plaintiff has not pled any facts that could show that Allied Interstate: (1) contacted Plaintiff's employer, 15 U.S.C. § 1692c(a)(3); (2) disclosed a debt to third parties or otherwise, 15 U.S.C. § 1692c(b); (3) continued communicating after being told not to, 15 U.S.C. § 1692c(c); (4) threatened legal action that could not be undertaken, 15 U.S.C. § 1692e(5); (5) falsely or deceptively represented its attempts at debt collection, 15 U.S.C. § 1692e(10); or (6) failed to note that the calls were attempts to collect a debt, 15 U.S.C. § 1692e(11). (*See* Docket No. 251 at ¶ 89).

Even if Plaintiff had sufficiently alleged the above facts, his FDCPA claim would fail for several other reasons. First, the calls were made well within normal business hours, as Allied Interstate allegedly placed the thirteen calls between 9:05 a.m. to 4:12 p.m. 15 U.S.C. § 1692c(a)(1) ("In the absence of knowledge or circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."); *Lightfoot v. Healthcare Revenue Recovery Group, LLC*, No. 14-CV-6791, 2015 WL 1103441, at

*2 (D.N.J. Mar. 11, 2015) ("Indeed, there is ample case law requiring plaintiffs to plead that the challenged communication(s) occurred after 9 p.m. or before 8 a.m.").

Second, Plaintiff has not pled any facts from which the Court can rightly infer that the phone calls were made with the intent to harass or annoy. The frequency of the calls does not suggest such behavior because the calls occurred over twenty days for an average frequency of less than one call per day. *Carestia v. Experian Info. Solutions, Inc.*, No. 15-CV-4598, 2016 WL 1626019, at *3 (D.N.J. Apr. 25, 2016) ("'The question of whether a debt collector engages in 'harassing, annoying, or abusive' conduct is ordinarily an issue of fact for the jury. However, *a plaintiff must plead sufficient facts for a reasonable juror to conclude there has been a violation of this section of the FDCPA*.") (emphasis added) (citing *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 429 (D.N.J. 2013)).

Third, Plaintiff's FDCPA claims premised on calls occurring prior to January 5, 2014, are barred by the statute of limitations. The statute of limitations for alleged violations of the FDCPA is one year. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.") (emphasis added). Here, Plaintiff filed his initial complaint on January 5, 2015, and included calls made on December 27, 2014; December 31, 2013; and January 2, 2014. (Docket No. 251 at ¶ 89). Thus, Plaintiff's FDCPA claims fails. *Kohar v. Wells Fargo Bank, N.A.*, No. 15-CV-1469, 2016 WL 1449580, at *3 (W.D. Pa. Apr. 13, 2016) (dismissing the plaintiff's FDCPA as barred by the statute of limitations and noting that plaintiffs "offered little, if any, opposition to the statute of limitations defense raised by these Defendants to the FDCPA claim").

### D. "Pennsylvania Fair Debt Collections Practices Act"

Plaintiff next asserts that Allied Interstate has violated the "Pennsylvania Fair Debt Collections Practices Act," a purported statute which does not exist. (Docket No. 251 at ¶ 88). In response, Allied Interstate suggests that Plaintiff may be attempting to litigate under the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. § 2270.4(a). (Docket No. 275 at 21-22). The FCEUA makes actionable under Pennsylvania law violations of the FDCPA. 73 Pa. Stat. § 2270.4(a). Because the Court finds that Plaintiff failed to plead sufficient facts under the FDCPA, the Court likewise holds that he has not pled a plausible claim under the FCEUA. *See supra* Section VI.C.

To the extent that Plaintiff is attempting to state a claim under 18 Pa. Cons. Stat. § 7311, the Court finds that Plaintiff's allegations are insufficient because the statute, which can only be enforced through criminal prosecution, does not authorize private causes of action. *See, e.g., Jarzyna v. Home Props., L.P*, 763 F. Supp. 2d 742, 750 (E.D. Pa. 2011) (holding that a plaintiff must plead all elements required by *Cort v. Ash*, 422 U.S. 66 (1975), to demonstrate civil liability under 18 Pa. Cons. Stat. § 7311). Accordingly, Plaintiff's "Pennsylvania FDCPA" claims must be dismissed.

### E. Pennsylvania's UTPCPL

In his final claim, Plaintiff contends that Allied Interstate violated Pennsylvania's UTPCPL, 73 Pa. Stat. § 201-9.2. (Docket No. 251 at ¶ 87). The UTPCPL creates a private cause of action for losses arising from "unfair or deceptive acts or practices" that occurred in the "conduct of any trade or commerce." 73 Pa. Stat. § 201-9.2. "To state a claim under Pennsylvania's CPL, plaintiffs must allege facts from which the court can plausibly infer: (1)

deceptive conduct or representations by defendant; and (2) justifiable reliance by plaintiffs on defendant's deceptive conduct that caused plaintiffs' harm." *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 776 (W.D. Pa. 2015).

As noted above, Plaintiff has set forth only base allegations of "unlawful calls" and therefore has not alleged any facts that could support that he relied on any of Allied Interstate's conduct or that Allied Interstate has acted deceptively. (*See* Docket No. 251 at ¶¶ 85-91). *See also Papurello*, 144 F. Supp. 3d at 776 (concluding that the plaintiffs "propound[ed] only a '[t]hreadbare recital[] of the elements of' individual and class-wide CPL claims, 'supported by mere conclusory statements'") (quoting *Iqbal*, 556 U.S. at 678). Hence, because Plaintiff has failed to plead any facts that could support a UTPCPL claim, the claim must be dismissed.

### F. Allied Interstate's Alternative Summary Judgment Argument

In the alternative, Allied Interstate requests that the Court grant summary judgment in its favor because there is no genuine issue of material fact as to any of Plaintiff's claims. (Docket No. 275 at 22-26). The Court need not address Allied Interstate's request because, as discussed in detail above, Plaintiff's claims fail under Rule 12(b)(6). *See, e.g.*, *White v. Jewish Ass'n on Aging*, No. 13-CV-344, 2013 WL 5963128, at *2-3 (W.D. Pa. Nov. 7, 2013) (recognizing a "Motion to Dismiss pursuant to Rule 12(b)(6), in the form of a Motion for Summary Judgment" but concluding that the motion should not be converted because "Plaintiff has failed to state a cognizable federal claim, and so Defendant's Motion can readily be resolved under Rule 12(b)(6)").

15

### G. Leave to Amend

Plaintiff has not affirmatively sought leave to file a second amended complaint. However, the Court will deny leave to amend. Plaintiff was previously granted leave to file an amended complaint to cure the same deficiencies noted herein. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend may be denied based upon "repeated failure to cure deficiencies by amendments previously allowed"); *McMillan v. Lycoming Cty. Prison*, No. 3:13-CV-1746, 2013 WL 6002228, at *4 (M.D. Pa. Nov. 12, 2013) (dismissing pro se plaintiff's complaint with prejudice for his failure to cure the deficiencies of his initial complaint); *Carpenter v. Ashby*, No. 06-CV-1451, 2007 WL 437847, at *4 (E.D. Pa. Jan. 25, 2007) (same), *aff'd*, 351 F. App'x 684 (3d Cir. 2009). Moreover, Plaintiff has not provided the Court with a copy of any proposed amended complaint that could be submitted if leave were granted. *Kohar*, 2016 WL 1449580, at *14 ("[A] 'bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . —does not constitute a motion within the contemplation of Rule 15(a).'") (quoting *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (citations omitted)).

Additionally, as discussed above, Plaintiff has repeatedly been put on notice by other courts that his continued failure to plead facts will not survive a motion to dismiss. *See, e.g., Despot*, 2016 WL 4141109, at *1 n.1 (dismissing claims with prejudice because "numerous courts have called to Plaintiff's attention the deficiencies of his pleadings practices, and no subsequent ameliorative effects have attached"); *Despot v. Smith*, 2015 WL 8601627, at *2-3 (finding that "Plaintiff's Amended Complaint does not set forth sufficient factual allegations sufficient to state a claim" and dismissing his claims with prejudice); *Despot*, 2008 WL 3837395, at *12 ("There is no call for this court to permit Despot to amend his complaint. He was on

notice of the deficiencies contained therein, but filed it anyway. In light of his past experience in federal court, his pro se status does not save his complaint. Despot's federal claims, as addressed above, will be dismissed with prejudice."). Thus, the Court denies leave to amend.

## V. Conclusion

After extensive review of well over six hundred pages of Plaintiff's filings, and for the foregoing reasons, the Court GRANTS Allied Interstate, Inc.'s Motion to Dismiss, with prejudice. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: September 2, 2016

cc/ecf: All counsel of record;

David Despot
100 Elizabeth Drive, Apt. 1102
Pittsburgh, PA 15220
(Regular & Certified Mail)