IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID DESPOT,  )
 )
      Plaintiff, )
 ) Civil Action No. 15-15
      v. )
 ) Hon. Nora Barry Fischer
ALLIED INTERSTATE, INC., ET AL., )
 )
      Defendants. )

## **MEMORANDUM ORDER**

Presently before the Court is a Joint Motion to Dismiss filed by Defendants Equifax, Inc., Experian, and Transunion. (Docket No. 282). Having considered Plaintiff's Amended Complaint, (Docket No. 251); the motion to dismiss and supporting briefing filed by Defendants Equifax, Inc., Experian, and Transunion, (Docket Nos. 282, 283, 324); and Plaintiff's single response to all Defendants' motions to dismiss, (Docket No. 315); and for the following reasons, Defendants' Motion to Dismiss [282] is GRANTED, with prejudice.

In his Amended Complaint, Plaintiff alleges that Defendants Equifax, Inc., Experian, and Transunion have violated the Fair Credit Reporting Act ("FCRA"), Pennsylvania's "Credit Reporting Agency Act," and Pennsylvania's Unfair Trade Practices and Consumer Protection Law. (Docket No. 251 at ¶¶ 244, 254, 468). Plaintiff also asserts claims for defamation against Defendants Equifax, Inc., Experian, and Transunion. (*Id.* at ¶¶ 245, 255, 469). The Court incorporates the background of this matter that is set forth in the Memorandum Opinion granting Defendant Allied Interstate, Inc.'s motion to dismiss, with prejudice, (Docket No. 331), into this Order. Additionally, for the reasons stated in the Memorandum Opinion, (*id.*), Plaintiff's claim

under Pennsylvania's Unfair Trade Practices and Consumer Protection Law must be dismissed, with prejudice.

Regarding Plaintiff's allegations that Defendants have violated the FCRA, Plaintiff avers that Defendants have violated Sections 611, 616, 617, and 623 of the Act. (Docket No. 251 at ¶¶ 244, 254, 468). To state a claim under Section 611, "a plaintiff must plead that she: '(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Abeer Tutanji v. Bank of Am.*, No. 12-CV-887, 2012 U.S. Dist. LEXIS 75271, at *13 (D.N.J. May 31, 2012) (quoting *Henderson v. Equable Ascent Fin., LLC*, No. 11-CV-3576, 2011 U.S. Dist. LEXIS 127662, at *8 (D.N.J. Nov. 4, 2011)). *See also Ruff v. America's Servicing Co.*, No. 07-CV-489, 2008 U.S. Dist. LEXIS 33447, at *11 (W.D. Pa. Apr. 23, 2008).

In his Amended Complaint, Plaintiff alleges that each Defendant conducted an investigation after he filed credit reporting disputes. (*See* Docket No. 251 at ¶¶ 244, 247, 254, 257, 468, 471). Indeed, Plaintiff includes as exhibits to his Amended Complaint Defendants' investigation and reinvestigation results. (*See* Docket Nos. 251-13, 251-14, 251-15, 251-16, 251-36, 251-37). Plaintiff repeatedly makes conclusory statements that his credit reports contained "incomplete and inaccurate information," (Docket No. 251 at ¶¶ 244, 247, 254, 257, 468, 471), but he does not allege that any substantive information is inaccurate. Instead, Plaintiff merely complains that he was unable to set forth the dispute because the forms provided limited space and a one-hundred-word limit. (*Id.* at ¶¶ 247, 257, 471). Section 611(b) of the FCRA provides that "the consumer may file a brief statement setting forth the dispute" and that consumer reporting agencies "may limit such statements to not more than one hundred words."

15 U.S.C. § 1681i(b). Because Defendants have not violated Section 611 of the FCRA and because Plaintiff has failed to allege that any substantive information is inaccurate, his claims based upon Section 611 fail. *See, e.g.*, *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212 (E.D. Pa. 2007) ("A claim under 1681i will also fail if the consumer cannot show that the information in his or her file was inaccurate."); *Williams v. Experian Info. Solutions, Inc.*, No. 14-CV-8115, 2016 U.S. Dist. LEXIS 80383, at *11 (D.N.J. June 21, 2016) ("[A] consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate.") (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)).

Plaintiff has also failed to state a claim for relief under Sections 616, 617, and 623 of the FCRA. Sections 616 and 617 set forth penalties for negligent and willful noncompliance of the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o. As discussed above, Plaintiff has failed to state a claim under the FCRA. Moreover, a private cause of action does not exist under Sections 616 and 617. *See id.*; *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (explaining that claims under 15 U.S.C. §§ 1681n and 1681o "are available only to the Government"). Similarly, Section 623 does not provide for a private right of action. *See* 15 U.S.C. §1681s-2(a); *see also Harris v. Pa. Higher Educ. Assistance Agency*, No. 16-693, 2016 U.S. Dist. LEXIS 82283, at *16 (E.D. Pa. June 24, 2016) ("[T]here is no private right of action under §1681s-2(a); only federal or state authorities may enforce this subsection."); *Parker v. Nationstar Mortg. LLC*, No. 2:15-CV-874, 2015 U.S. Dist. LEXIS 145439, at *17 (W.D. Pa. Oct. 27, 2015) ("[T]he FCRA does not afford a private right of action to redress violations of

§1681s-2(a)). Accordingly, Plaintiff's claims under Sections 616, 617, and 623 of the FCRA must be dismissed.

Plaintiff's claims for defamation are expressly preempted by 15 U.S.C. §§ 1681h, which provides that "no consumer may bring any action or proceeding in the nature of defamation . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. §§ 1681h(e). As discussed above, Plaintiff has failed to state a claim under the FCRA. Moreover, Plaintiff has failed to allege sufficient facts to support a plausible defamation claim. Pursuant to 42 Pa.C.S.A. § 8343(a), a plaintiff asserting a claim for defamation has the prima facie burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343(a)(1)-(7). Without providing any factual support, Plaintiff asserts mere legal conclusions by stating that Defendants "committed Defamation against [him]." (Docket No. 251 at ¶¶ 245, 255, 469). For these reasons, Plaintiff's claims for defamation must be dismissed. *See, e.g., Gittens v. Sterling Jewelers Inc.*, No. 15-CV-5872, 2016 U.S. Dist. LEXIS 24675, at \*5-6 (D.N.J. Feb. 29, 2016) (finding that the plaintiff had failed to state a claim under the FCRA and dismissing his defamation claim, which was "based solely on the alleged violation of the FCRA"); *Barbieri v. Wells Fargo & Co.*, No. 09-CV-3196, 2014 U.S. Dist. LEXIS 176835, at \*21-22 (E.D. Pa. Dec. 22, 2014) (dismissing the plaintiffs' claim for defamation because it was preempted by the FCRA and because the plaintiffs had failed to plead facts supporting their claim).

Plaintiff also claims that Defendants have violated Pennsylvania's "Credit Reporting Agency Act," a purported statute which does not exist. (Docket No. 251 at ¶¶ 244, 254, 468). Plaintiff fails to include further facts or allegations regarding Defendants' violations. Such "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Accordingly, Plaintiff's claims against Defendants under Pennsylvania's "Credit Reporting Agency Act" must be dismissed.

For these reasons,

IT IS HEREBY ORDERED that Defendants Equifax, Inc., Experian, and Transunion's Joint Motion to Dismiss [282] is GRANTED, with prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: September 12, 2016

cc/ecf: All counsel of record;

David Despot
100 Elizabeth Drive, Apt. 1102
Pittsburgh, PA 15220
(Regular & Certified Mail)