IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DAVID DESPOT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-15 |
| v. | ) | Hon. Nora Barry Fischer |
| | ) | |
| ALLIED INTERSTATE, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is "Plaintiff's New Cause of Action Against American Education Services (October 6, 2016)." (Docket No. 363). Having dismissed American Education Services ("AES") from this action on August 24, 2016, (*see* Docket No. 330), the Court construes Plaintiff's New Cause of Action as a Motion to Reinstate Defendant AES, (*see* Docket No. 364). Upon consideration of Plaintiff's Motion, (Docket No. 363); AES's brief in opposition, (Docket No. 365); and for the following reasons, Plaintiff's Motion to Reinstate Defendant AES [363] is DENIED, with prejudice.

The Court incorporates the background of this matter that is set forth in the Memorandum Opinion granting Defendant Allied Interstate, Inc.'s motion to dismiss, with prejudice, (Docket No. 331), into this Order. In his Motion, Plaintiff alleges that Defendant AES doubled the monthly debit that it applied to federal student loan payments by deducting $319.36, rather than $159.68, from Plaintiff's bank account on June 1, 2016 and July 1, 2016. (Docket No. 363 at ¶¶ 7-9). Plaintiff avers that Defendant AES's actions constitute a "violation of federal and state debt collection laws[,] as well as other federal laws and state laws." (*Id.* at ¶ 13). Plaintiff further claims that Defendant AES "has fraudulently and negligently engaged in the attempted extension of the statute of limitations on the non-Federal/private student loans." (*Id.*).

When a motion for reinstatement does not seek relief under a specific Federal Rule of Civil Procedure, and the motion is filed more than ten days after a dismissal, the motion must be considered under Rule 60(b). *Cliett v. City of Ocean City*, 346 F. App'x 771, 773 (3d Cir. 2009) (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) ("Where, as here, the motion is filed outside of the ten days provided for under Rule 59(e), but within the [time] permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.")). Where a motion is "barebones," as Plaintiff's Motion is here, a court may construe it as one for relief under the catch-all provision in Rule 60(b)(6) "'that allows a court to relieve a party from a judgment for any other reason that justifies relief.'" *Id.* (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)); *see also* FED. R. CIV. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."). "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *White*, 536 F.3d at 255. To meet this standard, a party must establish that "'an extreme and unexpected hardship will result.'" *Id.* (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

Plaintiff has failed to show that an extreme and unexpected hardship will result if the Court denies his Motion to Reinstate Defendant AES. Attached to his Motion, Plaintiff has included an Electronic Funds Transfer Agreement dated May 11, 2016. (Docket No. 363 at 8). On the form, the box indicating that the amount to be debited is the "Monthly Installment Amount," which was $159.68, is checked. (*Id.*). However, the amount of $159.68 is included in a separate box representing an "ADDITIONAL amount" to be withdrawn. (*Id.* (emphasis in original)). Underneath the box, the form provides that the borrower should "[o]nly indicate the

amount that is *above and beyond* your current installment amount. Do NOT write the total amount to be withdrawn." (*Id.* (emphasis in original)). Because the Electronic Funds Transfer Agreement indicated that the monthly installment of $159.68 plus an additional $159.68 was to be withdrawn, Defendant AES debited $319.36 from Plaintiff's account.

After Plaintiff informed Defendant AES about the issue, Defendant AES corrected it. Attached to its brief, Defendant AES includes a declaration signed by Jessica Nieves, the current Department Supervisor in the Consumer Complaint Management Department for the Pennsylvania Higher Education Assistance Agency ("PHEAA"). (*See* Docket No. 365-1 at 2-3; *see also* Docket No. 330 at 1 (explaining that AES is a fictitious name under which PHEAA conducts its commercial student loan servicing operations)). In the declaration, Ms. Nieves states that "[o]n July 28, 2016, the amount set up for the Direct Debit was changed to only be the current monthly installment amount, which is currently $159.68." (*Id.* at 3). Plaintiff's Motion appears to confirm that the issue has been corrected, as he avers that $319.36, rather than $159.68, was deducted from his bank account only on June 1, 2016 and July 1, 2016. (Docket No. 363 at ¶¶ 7-9). In light of these circumstances, along with Plaintiff's failure to file his Motion until October 6, 2016 — over six weeks after the Court dismissed Defendant AES and over four months after the issue arose, the Court cannot conclude that an extreme and unexpected hardship will result by denying Plaintiff's Motion to Reinstate Defendant AES.

Accordingly, for the reasons stated,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reinstate Defendant AES [363] is DENIED, with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall abide by the rules, practices, and procedures applicable in his case, including the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the Western District of Pennsylvania, and the Practices and Procedures of Judge Nora Barry Fischer.  In accordance with the rules, practices, and procedures applicable to this case, Plaintiff shall refrain from presenting to the Court pleadings, motions, or other paper that are unwarranted by existing law or that include frivolous arguments.  *See* FED. R. CIV. P. 11.

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        United States District Judge

Date:   October 28, 2016

    cc/ecf:  All counsel of record;

        David Despot
        4000 Mason Lane
        Apt. 4408
        Pittsburgh, PA 15205
        (regular & certified mail)